**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X  Case No.
CHRISTINA LORENZO,

                Plaintiff,                      **COMPLAINT**

      - against -

JB SECURITY INC.,                          **PLAINTIFF DEMANDS**
                                                                      **A TRIAL BY JURY**

                Defendant.
------------------------------------------------------------------------X

        CHRISTINA LORENZO, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, against JB SECURITY INC. ("Defendant") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the sex discrimination provisions of **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the sex discrimination provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); (iii) the sex discrimination provisions of the **New York City Human Rights Law**, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"); (iv) the overtime and retaliation provisions of the **Fair Labor Standards Act** ("FLSA"), 29 U.S.C. § 207(a); (v) overtime, and retaliation provisions of the **New York Labor Law** ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.1; (vi) the NYLL's requirement that employers pay wages to terminated employees no later than the regular payday for the pay period during which the termination occurred, **NYLL** § 191(3); (vii) the NYLL's requirement that employers make timely payment of wages **NYLL** §

|   |   |
|---|---|
|   | 191(2); (viii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, **NYLL** § 195(1); and (iv) any other claim(s) that can be inferred from the facts set forth herein. |
| 2. | Plaintiff was the target of sexual harassment from a coworker and, despite multiple reports to her supervisor, Defendant failed to make reasonable efforts to put a stop to the harassment. Defendant also failed to, among other things, timely pay Plaintiff the wages due to her. When Plaintiff complained about Defendant's failure to adhere to its legal obligations, Defendant retaliated against her by publicly and falsely accusing her of wrongdoing and constructively discharging her. |

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

4. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

6. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated 5/19/2022, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

8. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

9. Prior to the commencement of this action, plaintiff served a copy of this complaint upon

the New York City Commission on Human Rights and the Corporation Counsel of the City of New York on June 22, 2022, in accordance with N.Y.C. Admin. Code §8-502(c).

10. Plaintiff served the Attorney General of the State of New York with notice of her retaliation claim under NYLL, pursuant to NYLL § 215.

## PARTIES

11. At all relevant times herein, Plaintiff was and is a woman and a resident of the State of New York. She was and is a "person" and an "employee" and entitled to protection as defined by Title VII, the NYSHRL, the NYCHRL, the FLSA, the NYLL, and the NYCCRR.

12. At all relevant times herein, Defendant is a New York corporation, with its principal place of business located at 843 Dawson Street, Bronx, New York 10459.

13. At all relevant times herein, Defendant "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

14. At all relevant times, Defendant is an enterprise engaged in interstate commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000 and is thus an "employer" within the meaning of the FLSA. Defendant is also an "employer" within the meaning of the NYLL.

## MATERIAL FACTS

15. Defendant owns and operates security company.

16. On or about May 8, 2021, Defendant hired Plaintiff as a Watch Guard securing a jobsite. In that position, Plaintiff earned $15 an hour, worked full time and frequently worked overtime. Plaintiff's annual expected salary was approximately $32,000.

17. As Watch Guard, Plaintiff's job duties included, but were not limited to, securing the

construction job site when the workers on the job site finished working for the day.

***Plaintiff's Title VII, NYSHRL, and NYCHRL claims***

18. From the time Plaintiff began working for Defendant, and continuing throughout the entire period of her employment, Plaintiff was subjected to unrelenting sexual harassment.

19. On or about May 8, 2021, Augusto Del Rosario ("Del Rosario"), another Watch Guard, finished his shift and was supposed to leave for the day as Plaintiff began her shift. Del Rosario later returned to the construction job site and made a sexual advance toward Plaintiff asking her in Spanish whether she had a husband.

20. Plaintiff rejected this sexual advance by attempting to walk away telling him she was not fluent in Spanish.

21. However, Del Rosario grabbed Plaintiff by the hood of her sweatshirt preventing her from leaving.

22. Plaintiff fearful of Del Rosario grabbing her, tried to brush his hand away off the hood of sweatshirt. She also told Del Rosario not to touch her.

23. Instead of complying with Plaintiff's request to not touch her, Del Rosario responded by groping Plaintiff's buttocks.

24. Plaintiff again attempted to walk away but Del Rosario grabbed her buttocks again.

25. That same day Plaintiff called her supervisor, David Delvas ("Delvas") to report Del Rosario's sexual harassment. Delvas did not respond. Plaintiff continued to call Delvas several times over the next few days to report Del Rosario's assault but received no response.

26. The next day, on May 9, 2021, Del Rosario reported to the job site Plaintiff worked even though he was not supposed to work that same job site. Del Rosario attempted to "log in" for work, which was an obvious attempt to continue harassing Plaintiff because it was

known he was not supposed to work that job site on that day.

27. Del Rosario approached Plaintiff, who was seated in her car at the job site. Del Rosario tried to open the door to Plaintiff's car. Frightened, Plaintiff remained in her car until Del Rosario left the job site. Plaintiff recorded the incident and sent the recording to Delvas.

28. Finally, on May 14, 2021, approximately one week after Plaintiff attempted to report Del Rosario's sexual harassment, Delvas finally contacted Plaintiff. Plaintiff showed Delvas the video she took of Del Rosario trying to enter her car, and lodged her complaint in a book that Delvas told her she needed to formally make her complaint.

29. Delvas told Plaintiff "don't worry about it" and that he would investigate the matter. However, at this point Defendants had already failed to correct and prevent the sexual harassment from continuing a second time, and in fact, failed to correct and prevent the sexual harassment from continuing after Delvas claimed he would investigate.

30. The following week, in or around May 17, 2021, Del Rosario continued his harassing behavior toward Plaintiff. Plaintiff observed Del Rosario pacing back and forth in front of her assigned jobsite, even though Del Rosario knew he was not supposed to be there. Although Plaintiff sought to avoid him, Del Rosario paced back and forth near Plaintiff for several days in a row causing Plaintiff great distress.

31. Plaintiff texted Delvas regarding Del Rosario's conduct and conveyed that it made her deeply uncomfortable. Delvas confirmed that he had moved Del Rosario to another job site and that he was not supposed to be at Plaintiff's site.

32. Plaintiff would not have faced sexual harassment but for her sex/gender.

33. **Defendant's actions and conduct were intentional and intended to harm Plaintiff**.

34. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

5

35. Additionally, as a result of Defendant's discriminatory treatment of Plaintiff, she has suffered pecuniary loss, severe emotional distress, and physical ailments.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

37. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendant.

### *Plaintiff's FLSA and NYLL claims*

38. Plaintiff was entitled to the overtime rate of pay for any hours worked over forty per week.

39. Plaintiff frequently worked over forty hours per week but was not paid the overtime rate of pay for those hours she worked that exceeded forty hours.

40. Plaintiff worked double shifts approximately four (4) times, which started at 7 am and ended at 11 pm. In addition, Plaintiff regularly worked a few hours (usually approximately 3-5 extra hours) past her scheduled shift end.

41. When Plaintiff inquired as to when she would be paid for the overtime hours, Defendants at first told her they would include the overtime in her next check, and then eventually told her she was not entitled to overtime pay. Defendants did not include the overtime hours in Plaintiff's next paycheck.

42. Although Plaintiff's double shifts were above the NYLL's 10-hour threshold for spread-of-hours pay, Defendant made no such payments to Plaintiff, and Defendant is liable for unpaid spread-of-hours pay and liquidated damages, as detailed below.

43. On at least three occasions, Defendant failed to pay Plaintiff the wages due to her for a particular pay period by repeatedly paying Plaintiff's wages with checks that bounced

leaving Plaintiff without pay or with late pay for certain pay periods. As a result of the checks bouncing, Plaintiff also incurred hefty bank fees.

44. On May 16, 2021, Plaintiff called Delvas regarding yet another returned check. Delvas responded by verbally abusing Plaintiff and falsely accused her of wrongdoing. Delvas went so far as to accuse Plaintiff of hacking into Defendant's payroll system in the presence of colleagues causing Plaintiff intense humiliation.

45. Three weeks later, Plaintiff still had not been paid the amount covered by the returned checks and again mentioned this to Defendant.

46. Instead of rectifying the situation, Defendants' fired Plaintiff.

47. Defendant finally paid Plaintiff three weeks after her termination. However, Plaintiff never received payment for overtime hours worked.

48. Additionally, Defendant did not provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*, Plaintiff's overtime rate of pay as designated by the employer.

49. Defendant had no good faith basis for believing that its failure to pay Plaintiff was in compliance with the law. As a result, Plaintiff is entitled to liquidated damages from Defendant.

50. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

51. Each hour that Plaintiff worked was for Defendant's benefit.

**FIRST CAUSE OF ACTION**
*Sex Discrimination in Violation of Title VII*

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.]

54. As described above, Defendant discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

55. Plaintiff would not have faced sexual harassment but for her sex/gender.

56. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

57. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
*Sex Discrimination in Violation of the NYSHRL*

58. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to

8

> discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

60. As described above, Defendant discriminated against Plaintiff on the basis of her sex, age, and race in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sex, age, and race.

61. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

62. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

63. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
*Gender Discrimination in Violation of NYCHRL*

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. The Administrative Code of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person... to refuse to hire or employ or to

9

> bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment. (emphasis added)

66. As described above, Defendant discriminated against Plaintiff on the basis of his race and national origin in violation of the NYCHRL by, including but not limited to, subjecting him to disparate working conditions, and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment.

67. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

68. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

69. Defendant's unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION
*Unpaid Overtime in Violation of the FLSA*

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty

in a workweek.

72. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

73. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate her in accordance with the FLSA's overtime provisions.

74. Defendant willfully violated the FLSA.

75. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rates of pay.

76. Plaintiff is entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

**FIFTH CAUSE OF ACTION**
*Retaliation in Violation of the FLSA*

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78. Defendant has violated the FLSA by subjecting Plaintiff to unlawful retaliation for her opposition to Defendant's unlawful compensation practices enumerated above.

79. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

80. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of the FLSA, was outrageous and malicious, was intended to injure Plaintiff, and was committed with conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive

damages.

## SIXTH CAUSE OF ACTION
*Unpaid Overtime in Violation of the NYLL and the NYCCRR*

81. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

83. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR.

84. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate her in accordance with the NYLL's and the NYCCRR's overtime provisions.

85. Plaintiff is entitled to her overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her respective regular rates of pay.

86. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

## SEVENTH CAUSE OF ACTION
*Spread of Hours Pay Violations of NYLL*

87. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88. Defendant failed to pay Plaintiff one additional hour of pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten, in violation of NYLL §§ 190, et seq. & 650, et seq., as codified by 12 NYCRR §§ 137.17 & 137.11.

89. Defendant's failure to pay Plaintiff an additional hour pay for each day Plaintiff's spread

of hours exceeded ten hours was willful within the meaning of NYLL § 663.

90. As a result of the foregoing, Plaintiff has been injured, and Defendant has profited thereby, in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**
*Failure to Pay Timely Wages after Termination in Violation of the NYLL*

91. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92. NYLL § 191(3) requires employers to pay "the wages of [terminated employees] not later than the regular pay day for the pay period during which the termination occurred[.]"

93. As described above, Defendant failed to compensate Plaintiff no later than the regular pay period during which the termination occurred, in violation of NYLL § 191(3).

94. As a result, Plaintiff is entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

**NINTH CAUSE OF ACTION**
*Failure to Make Timely Payment of Wages in Violation of NYLL*

95. Plaintiff hereby repeats, reiterates and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

96. Defendant failed and refused to pay Plaintiff, "weekly and not later than seven calendar days after the end of the week in which the wages are earned" in violation of NYLL § 191(1)(a).

97. Pursuant to NYLL § 191(2), "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section."

98. Defendant's failure to pay in a timely fashion was willful within the meaning of NYLL § 663.

99. Due to Defendant's NYLL violations, Plaintiff has been damaged in an amount as yet

13

undetermined and is entitled to liquidated damages, reasonable attorneys' fees and costs.

## TENTH CAUSE OF ACTION
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

100. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

102. As described above, Defendant failed to furnish Plaintiff with any wage notice at hire, let alone ones accurately containing all of the criteria required under the NYLL.

103. Defendant is liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## ELEVENTH CAUSE OF ACTION
*Retaliation in Violation of NYLL*

104. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

105. Defendant has violated the New York Labor Law by subjecting Plaintiff to unlawful retaliation for her opposition to Defendant's unlawful compensation practices enumerated above.

106. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the New York Labor Law, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## JURY DEMAND

107. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL and, in that Defendant discriminated against Plaintiff on the basis of her sex;

B. Restraining Defendant from any retaliation against Plaintiff for participating in any form in this litigation;

C. Declaring preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding all damages that Plaintiff has sustained as a result of Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendant's unlawful payment practices;

H. Awarding liquidating damages and any other statutory penalties as recoverable under the

FLSA and the NYLL;

I. Awarding statutory damages for Defendant's violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided by N.Y. Lab. Law § 198;

J. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

K. Awarding pre-judgment and post-judgment interest, as provided by law; and

L. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
       June 22, 2022

                                             **PHILLIPS & ASSOCIATES,**
                                             **ATTORNEYS AT LAW, PLLC**

                                             ___/s/_____
                                             Joshua Friedman, Esq.
                                             585 Stewart Avenue, Suite 410
                                             Garden City, New York 11566
                                             T: (212) 248-7431
                                             F: (212) 901-2107
                                             jfriedman@tpglaws.com